IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS, I,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00459-O-BP |
| | § | |
| **TARRANT COUNTY,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Drue Hollis's Second Amended Original Complaint, filed August 8, 2022. ECF No. 18. On May 31, 2022, Hollis's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. The same day, the Court granted Hollis leave to proceed in this matter *in forma pauperis*, subject to judicial screening under 28 U.S.C. § 1915. ECF No. 7. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **WITH PREJUDICE** because Hollis fails to state a claim upon which relief can be granted, and the Second Amended Complaint rests on delusional scenarios and an indisputably meritless legal theory.

**I.   BACKGROUND**

From the pleadings, it appears that Hollis suffers from delusions that lead him to believe certain actors within the government and the private sector are conspiring against him. He is no stranger to the judicial system, having filed multiple lawsuits in this Court over the past year and a half. In one previously dismissed case, Hollis sued Tarrant County for violations of the Balanced Budget and Emergency Deficit Control Act of 1985 and the Texas Mental Health Code, seeking

$6,308,130,000,990.00 in damages. *See* ECF Nos. 1, 22 in No. 4:21-cv-01142-O-BP. *See also Hollis v. Webber*, No. 4:21-cv-1150-P (dismissed without prejudice under Fed. R. Civ. P. 41(b)) and No. 4:22-cv-413-P (dismissed without prejudice); *Hollis v. Webber, et al.*, No. 4:22-cv-32-O (dismissed with prejudice under 28 U.S.C. § 1915, including claims against Tarrant County); *Hollis v. Sweetwater*, No. 4:22-cv-cv-432-O (dismissed with prejudice under 28 U.S.C § 1915); *Hollis v. Rousch*, No. 4:22-cv-608-P (dismissed with prejudice under 28 U.S.C § 1915).

Last week, United States District Judge Mark T. Pittman dismissed *Hollis v. Eyes on Camp Bowie, P.A.*, No. 4:22-cv-01043-P, in which Hollis demanded $20,000,000 from the supplier of his contact lenses for alleged violations of the Copyright Act and 42 U.S.C. § 1975. *See* No. 4:22-cv-01043-P, ECF No. 1 at 1. He also demanded that he be permitted to withdraw the $20,000,000 from the Court's Registry to pay his claim. *Id.*, ECF No. 3. In dismissing Hollis's suit under 28 U.S.C. § 1915, Judge Pittman also found that Hollis was a vexatious litigant and sanctioned him by requiring that he obtain leave of court before filing any additional complaints in the Court. *Id.*, ECF No. 15.

In this action, the barely legible Second Amended Complaint does not articulate a viable legal claim. Hollis alleges that Tarrant County refused to provide him documents and deprived him of his right to a jury trial in an "unknown cause number filed in Tarrant County." ECF No. 18 at 2-3. He seeks to recover damages of two trillion, six hundred forty-six billion, three hundred million, three hundred thousand dollars ($2,646,300,300.00) and continuing damages of two hundred thousand dollars per day from a date that is not explained in a way that the Court can understand. *Id.* at 5.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 1915(e)(2)(B) Standard

When a plaintiff proceeds *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Frivolous complaints "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Complaints lack an arguable basis in law when "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts apply a relaxed standard to *pro se* parties and liberally construe any *pro se* pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, even *pro se* plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Twombly*, 550 U.S. at 555.

### B. Opportunity to Amend Standard

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the Court finds a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend by dismissing the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v.*

*Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

### III. ANALYSIS

#### A. Hollis does not state a claim for which relief can be granted.

As noted above, the Second Amended Complaint contains fanciful allegations and does not articulate a coherent legal claim for which the Court could offer redress. *See* 28 U.S.C. § 1915(e)(2)(B). Because he appears *pro se*, Hollis's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (citation omitted). But no amount of liberal construction could manufacture a legally cognizable claim from the Second Amended Complaint, which lacks an arguable basis in law because its claims are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

There is no reading of the largely incoherent Second Amended Complaint that would result in a cause of action that Hollis could bring against the County in this lawsuit. He alleges no facts that demonstrate a constitutional violation relating to the alleged deprivation of documents. Liberally construed, his claim that Tarrant County violated his right to a jury trial is at best a collateral attack on a state court judgment in an unknown state court proceeding. Under the *Rooker-Feldman* doctrine, this Court cannot entertain such an action that challenges a final state court action. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Nor has Hollis made the allegations necessary to state a claim for deprivation of

constitutional rights against Tarrant County under 42 U.S.C. § 1983. To do so, Hollis must allege that there was a custom, policy, or practice that was the moving force behind a constitutional violation. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). Establishing "[m]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Despite filing three complaints in this case, Hollis has not made the showing necessary to hold Tarrant County liable for damages.

Thus, Hollis's claims are baseless and legally frivolous. *Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767. Judge O'Connor should dismiss this case *sua sponte* for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) (stating courts should dismiss frivolous lawsuits, or lawsuits that fail to state a claim, "at any time" such a determination is made); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (holding courts may dismiss actions for failure to state a claim *sua sponte*).

**B.    Dismissal with prejudice is appropriate because Hollis's allegations are delusional and based upon an indisputably meritless legal theory.**

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx*, 136 F.3d at 1054. In this case, Hollis filed two amended complaints. ECF Nos. 9, 18. While Hollis genuinely may believe he has been wronged, he does not have a claim for which this Court may offer a remedy. *See* 28 U.S.C. § 1915(e)(2)(B). Though dismissals with prejudice may be harsh in some contexts, the opposite is true here. A dismissal of Hollis's claim with prejudice, such that he cannot amend, is far less harsh, as it will close the door definitively on a case that will do nothing but waste his time and resources.

Accordingly, Judge O'Connor should dismiss this action with prejudice because it is delusional and predicated upon indisputably meritless legal theories despite ample opportunities in three complaints to state a valid claim for relief.

### IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITH PREJUDICE** because Hollis does not state a claim for which relief can be granted despite reasonable opportunities to do so. Because Hollis fails to state a claim for which relief can be granted, Judge O'Connor also should **DENY** Hollis's Motion for Injunction (ECF No. 40), Motion for Permanent Injunction (ECF No. 43), Motions for Default Judgment (ECF Nos. 11, 13, and 47), and Motion for Judgment (ECF No. 41).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 19, 2022.

                                                                           Hal R. Ray, Jr.
                                                                      UNITED STATES MAGISTRATE JUDGE